# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ALASKA

**Filed On
8/27/07**

| | |
|---|---|
| In re:<br><br>SECURITY AVIATION, INC.,<br><br>Debtor. | Case No. A06-00559-DMD<br>Chapter 11 |

## MEMORANDUM ON DEBTOR'S OBJECTION TO CLAIM #12

On May 4, 2006, Security Aviation, Inc., and Regional Protective Services, LLC, initiated a state court civil action against Air USA, Inc., and other defendants. The complaint contains several counts, including trespass, intentional interference with chattels, misrepresentation and breach of contract, and seeks damages well in excess of $5 million. Security Aviation's sole shareholder, Mark Avery, filed a chapter 7 petition on October 23, 2006. The chapter 7 case trustee assigned to Avery's bankruptcy case, Bill Barstow, placed Security Aviation into chapter 11 bankruptcy on December 21, 2006. Barstow substituted into the state court civil action as plaintiff in place of Security Aviation. He intends to liquidate Security Aviation's prepetition claims against Air USA and the other named defendants for the benefit of the estate.

Air USA filed Proof of Claim No. 12 in this bankruptcy case. Its claim has two components: a general unsecured amount of $12,398,399.26, and an unsecured priority

portion in an amount yet to be determined. This priority portion is for any Rule 82[1] attorney's fees and costs Air USA may be awarded in the state court litigation. Air USA characterizes this portion of its claim as one for "contingent-unliquidated administrative expenses, currently in the form of an unsecured priority claim, in an amount to be determined upon resolution of the civil matter." The debtor filed an objection to the priority portion of Air USA's claim. The sole issue to be determined is whether a post-petition award of Rule 82 attorney fees and costs to Air USA in the state court action would have the status of an administrative expense under 11 U.S.C. § 503(b)(1).

Under controlling Ninth Circuit case law, I conclude that any costs or Rule 82 attorney's fees that may be awarded to Air USA in the state court litigation are not entitled to administrative expense status. Administrative expenses include "the actual and necessary costs and expenses of preserving the estate."[2] The claimant bears the burden of proving entitlement to an administrative expense claim,[3] and must establish that the debt (1) arose from a post-petition transaction and (2) "directly and substantially benefitted the estate."[4]

---

[1] Alaska Civil Rule 82 provides for an award of attorney's fees to the prevailing party in a state civil action.

[2] 11 U.S.C. § 503(b)(1)(A).

[3] *Einstein/Noah Bagel Corp. v. Smith (In re BCE West, L.P.)*, 319 F.3d 1166, 1172 (9th Cir. 2003), *citing Microsoft Corp. v. DAK Indus. (In re DAK Indus.)*, 66 F.3d 1091, 1094 (9th Cir. 1995).

[4] *BCE West, L.P.*, 319 F.3d at 1172, *citing Abercrombie v. Hayden Corp. (In re Abercrombie)*, 139 F.3d 755, 757 (9th Cir. 1998).

2

An exception to this second requirement, that the expense benefit the estate, was recognized by the Supreme Court in *Reading Co. v. Brown*.[5] In that case, decided under the Bankruptcy Act, a chapter XI receiver was authorized to conduct the debtor's business, an eight story industrial structure in Philadelphia. During the pendency of the case, the building was destroyed by a fire which was attributed to the negligence of the receiver and a workman he had employed.[6] The Reading Company filed a priority claim for the damage it had suffered due to the fire. Other claimants filed similar claims. In all, claims totaling more than $3.5 million attributable to damages from the fire were filed. These claims were more than the debtor's total assets.[7]

The Court framed the issue as "whether the negligence of a receiver administering an estate under a Chapter XI arrangement gives rise to an 'actual and necessary' cost of operating the debtor's business."[8] The trustee argued that priority should only be given to expenses which were incurred to carry on the insolvent business. The Court disagreed, noting that the trustee had overlooked an important and decisive statutory objective: "fairness to all persons having claims against an insolvent."[9] Based upon this "fundamental fairness" doctrine, the Court felt that "actual and necessary costs" of preserving

---

[5] 391 U.S. 471 (1968).

[6] *Id.* at 473-474.

[7] *Id.*

[8] *Id.* at 476.

[9] *Reading*, 391 U.S. at 477.

3

an estate should include "costs ordinarily incident to operation of a business, and not be limited to costs without which rehabilitation would be impossible."[10] The Court held that the damages resulting from the trustee's negligence in operating the debtor's business were 'actual and necessary costs' of preserving the estate, entitled to priority over general unsecured creditors.[11]

The *Reading* exception, which the Ninth Circuit has described as a "venerable but limited exception,"[12] has been extended to claims arising from a trustee's or debtor-in-possession's negligence, as well as compensatory penalties for violations of injunctions or for cleanup of environmental hazards.[13] However, no Circuit Court decision has extended this exception to "cover debts incurred by a non-wrongful post-petition action to liquidate a chapter 7 bankruptcy estate."[14]

Two recent Ninth Circuit decisions have dealt with the issue of whether a post-petition award of attorney's fees to a creditor qualifies as an administrative expense under

---

[10] *Id.* at 483.

[11] *Id.* at 485.

[12] *Abercrombie v. Hayden Corp. (In re Abercrombie)*, 139 F.3d 755, 758 (9th Cir. 1998).

[13] 4 *Collier on Bankruptcy* ¶ 503.06[3][c] (15th ed. revised 2007).

[14] *Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.)*, 258 F.3d 385, 388 (5th Cir. 2001), *cited with approval in Boeing N. Am., Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018, 1026 (9th Cir. 2005); *see also Woburn Assoc. v. Kahn (In re Hemingway Transport, Inc.)*, 954 F.2d 1, 5-7, (1st Cir. 1992), *cited with approval in Abercrombie*, 139 F.3d at 759.

4

§ 503(b)(1). In *Abercrombie v. Hayden (In re Abercrombie),*[15] Abercrombie obtained a judgment against Hayden Corporation in state court litigation involving a real estate contract. Hayden Corporation appealed. While the appeal was pending, Abercrombie filed a chapter 11 petition. The state appellate court subsequently reversed the lower court's judgment and awarded Hayden attorney's fees pursuant to a prevailing party provision in the real estate contract. Hayden contended its post-petition attorney's fees should be allowed as an administrative expense. The Ninth Circuit concluded that the fee award didn't qualify as an administrative expense because the claim didn't arise out of a post-petition transaction, stating:

> "When third parties are induced to supply goods or services to the debtor-in-possession . . . , the purposes of [§ 503(b)] plainly require that their claims be afforded priority." *Mammoth Mart*, 536 F.2d at 954. The same principle does not apply, however, when the third party transacted with the debtor prepetition. "It is only when the debtor-in-possession's actions themselves – that is, considered apart from any obligation of the debtor – give rise to a legal liability that the claimant is entitled to a priority . . . ." *Id.* at 955.[16]

In a more recent decision, *Kadevich v. Kadevich (In re Kadevich)*,[17] the Ninth Circuit held that fees which had been awarded postpetition to a creditor, based on a prepetition fraud claim, were not administrative expenses. The fees were awarded to the

---

[15] 139 F.3d 755 (9th Cir. 1998).

[16] *Id.* at 758.

[17] 220 F.3d 1016 (9th Cir. 2000).

5

creditor as the prevailing party under a state fee shifting statute. In spite of the fact that the debtor's breach of a settlement of the state court fraud action occurred *after* his bankruptcy filing, the Ninth Circuit held that the attorney fee award was encompassed within the creditor's prepetition claim and could not be treated as an administrative expense.[18]

In both *Kadevich* and *Abercrombie*, the Ninth Circuit felt that the post-petition fee award to the creditor was based on a prepetition claim; neither the debtor's decision to continue litigation post-petition nor the debtor's post-petition breach of a settlement agreement transformed the fee award into a post-petition transaction.[19] In *Kadevich*, the Ninth Circuit explained:

> In the present case, the "source" of the award of attorney fees is the pre-petition state-court fraud action that brought [the debtor] under the jurisdiction of the California courts and subjected him to the fee-shifting rule contained in California Code of Civil Procedure § 128.5. The state court's judgment in that case is unitary; all of it must be considered pre-petition under the reasoning of *Abercrombie*. For the purpose of establishing the priority of a claim for attorney fees, we see no principled basis to distinguish a pre-petition *contract* that provides for fees from a pre-petition *tort claim* that results in fees. By analogy to *Abercrombie*, the fact that [the debtor] did not engage in the particular misconduct that caused the fees to be awarded until after he filed his bankruptcy petition does not change the fundamentally pre-petition nature of the fraud action and of the total resulting judgment.

---

[18] *Id.* at 1020.

[19] *Kadevich*, 220 F.3d at 1020; *Abercrombie*, 139 F.2d at 759.

> It is undisputed that [the creditor's] basic claim for fraud damages is a pre-petition, nonpriority claim. Because [the creditor's] claim for attorney fees arises from the same pre-petition obligation as the damages . . . it should be afforded the same priority in federal bankruptcy proceedings as those other items.[20]

While the Ninth Circuit recognizes the "fundamental fairness" doctrine enunciated in *Reading*, it has disapproved of two lower court decisions from within this circuit that have granted administrative expense status to a creditor's post-petition fee award. One of these lower court decisions is *In re Execuair Corp.*[21] In *Execuair*, Whittaker Corporation had obtained a prepetition injunction which prohibited Execuair from selling certain aircraft parts. After Whittaker filed a contempt action against Execuair, alleging a violation of the injunction, Execuair filed a petition under chapter 11 and continued to defend against the contempt action. Whittaker prevailed, and the District Court awarded it attorney's fees under a provision of the Lanham Act, 15 U.S.C. § 1117.[22] The bankruptcy court noted that this provision of the Lanham Act, which permits a court in "exceptional cases" to award fees to a prevailing party, allows victims of infringement to be made whole and also protects defendants against unfounded infringement suits.[23] Implicit in such a fee award is a finding that the prevailing party suffered an injury. Whitaker argued that the post-

---

[20] *Kadevich*, 220 F.3d at 1020 (citations omitted).

[21] 125 B.R. 600 (Bankr. C.D. Cal. 1991).

[22] *Id.* at 602.

[23] *Id.*

7

petition fee award should be treated as an administrative expense in the bankruptcy case. The bankruptcy court agreed, stating:

> However, even if the District Court had not indicated the lack of meritorious defense, *Reading* cannot be interpreted on such a narrow basis. This court interprets *Reading* to hold that if the claim for attorneys' fees was incurred post-petition, because of a post-petition act by the debtor-in-possession or trustee which was intended to benefit the estate but which led to the injury of a third party, such attorneys' fees qualify as administrative expenses of the estate so long as the claimant can justify its right to attorneys' fees under law.[24]

In *Irmas Family Trust v. Madden (In re Madden)*,[25] a litigant was awarded fees post-petition in a state court civil action for breach of contract. The fees were awarded under a prevailing party provision in the contract. The debtor-in-possession had continued to prosecute the state court action after the petition was filed. Relying on the "fundamental fairness" doctrine, the Bankruptcy Appellate Panel for the Ninth Circuit held that the post-petition attorney's fees could be treated as an administrative expense. The BAP reasoned:

> To allow the debtor in possession to avoid liability for attorneys' fees by relegating them to the prepetition creditor pool can result in injustice to those who become engaged, voluntarily or involuntarily, in transactions with the bankruptcy estate, suffering loss or damage thereby . . . .

---

[24] *Id.* at 604.

[25] 185 B.R. 815 (B.A.P. 9th Cir. 1995).

8

> Qualification of a claim for administrative priority does not require that a post-petition claimant demonstrate a tangible benefit to the estate, but rather, a showing that as a result of the trustee's actions on behalf of the estate, the claim was incurred and became an element of the "actual, necessary costs and expenses of preserving the estate." Efforts to preserve the estate are not always successful, but the contingency of loss should not be borne by the trustee's adversary where the trustee is necessarily bound by statute or contract to compensate the party for costs of defense.[26]

The Ninth Circuit has disapproved of both *Madden*[27] and *Execuair*.[28] There is a third lower court decision, from this district, in which the bankruptcy court held that the fundamental fairness doctrine enunciated in *Reading* required a litigant's fees and costs, incurred in successfully defending against a chapter 7 trustee's § 544(b) avoidance actions, to be treated as an administrative expense.[29] In *In re Good Taste, Inc.*, Judge Ross reviewed the Ninth Circuit authority on this issue and concluded that these cases sent a "mixed message."[30] But since *Good Taste* involved a suit initiated post-petition by the trustee, Judge Ross found the case to be distinguishable from the main holding in *Kadevich*. He concluded that where attorney's fees were awarded in a trustee's unsuccessful post-petition § 544(b)

---

[26] *Madden*, 185 B.R. at 819 (citations omitted).

[27] *Abercrombie*, 139 F.3d at 759.

[28] *Kadevich*, 220 F.3d at 1021 n.4.

[29] *In re Good Taste, Inc.*, 8 A.B.R. 87, 101 (Bankr. D. Alaska 2004).

[30] *Id.* at 100.

9

action, brought to avoid a transfer for the benefit of the estate, the fees of the prevailing litigant would be an administrative expense.

Air USA cites *Madden* and *Good Taste* in support of its claim for administrative expense. However, as noted above, the Ninth Circuit has expressly disapproved *Madden*, and *Good Taste* is factually distinguishable. The Ninth Circuit has intimated that there may be instances where a trustee's unsuccessful, continued prosecution of a prepetition claim may result in the successful litigant's fees being treated as an administrative expense. In *Kadevich*, the Ninth Circuit stated that its holding was a narrow one, noting that it was not dealing with "a case in which a representative of the estate commenced litigation on behalf of the estate after the bankruptcy petition was filed, or one in which the representative obtained relief from the automatic stay to continue pre-petition litigation."[31] While the Ninth Circuit seems to suggest the results might be different in such circumstances, the two lower court decisions it cites as example deal with cases where the trustee's litigation was found to be meritless or frivolous.[32]

In *Boeing N. American, Inc. v. Ybarra (In re Ybarra)*,[33] the Ninth Circuit recently held that a *debtor* who unsuccessfully continued to prosecute a state court civil

---

[31] *Kadevich*, 220 F.3d at 1021, *citing as example In re Met-L-Wood Corp.*, 115 B.R. 133 (N.D. Ill. 1990), and *In re E.A. Nord Co.*, 78 B.R. 289 (Bankr. W.D. Wa. 1987).

[32] In *Met-L-Wood Corp.*, 115 B.R. at 136, the trustee was found to have prosecuted meritless claims. In *E.A. Nord Co.*, 78 B.R. at 292, the debtor engaged in frivolous litigation and the court noted that the fee award should be treated as an administrative expense "to discourage parties from wasting valuable time and causing needless expense."

[33] 424 F.3d 1018 (9th Cir. 2005).

10

action, post-petition *and* post-discharge, would be liable for the prevailing party's post-petition attorney's fees. This holding appears inconsistent with *Abercrombie* and *Kadevich* because, in *Ybarra*, the post-petition fees weren't considered to be part of the prepetition claim. The Ninth Circuit explained that different policy considerations, distinct from those applied to determine whether post-petition fees fall into the administrative expense category, drive the discharge determination.[34] The court reiterated that "only claims arising from post-petition transactions can be granted [administrative] priority," and stated that the central question in determining whether the claim would qualify for such treatment was "whether the third party should be paid at the expense of the debtor's existing unsecured creditors."[35] In the discharge context, the determining issue was whether the debtor should be released from prepetition debts.[36] In this context, a debtor could not use the "discharge shield" as a sword "to undertake risk-free litigation at other's expense" and, in instances where a debtor took "affirmative post-petition action to litigate a prepetition claim," the debtor's liability for post-petition attorneys fees would not be discharged.[37]

       I agree with Judge Ross that the Ninth Circuit decisions send a mixed message. Particularly problematic is *Kadevich*. On the one hand, the Ninth Circuit disapproves *Execuair*, where the bankruptcy court granted administrative priority to a post-petition fee

---

[34] *Ybarra*, 424 F.3d at 1025-26.

[35] *Id.* at 1026.

[36] *Id.*

[37] *Id.*

11

award based on a federal statute which allows fees in extraordinary cases where a litigant has been injured.[38] On the other hand, the Ninth Circuit suggests in *Kadevich* that a trustee's continued prosecution of a pre-petition state court action might not fall within its "narrow ruling,"[39] so that a prevailing litigant's fees in those circumstances might be treated as an administrative expense. But the Ninth Circuit has also cited with approval the *Jack/Wade Drilling* and *Hemingway Transport* decisions from other circuits.[40] In both *Jack/Wade Drilling* and *Hemingway Transport*, the circuit courts indicated that fees awarded to a litigant in successfully defending against the trustee's good faith, post-petition prosecution of a prepetition state court action are not administrative expenses under the "fundamental fairness" doctrine enunciated in *Reading*, unless the litigant has suffered some additional injury (other than the fact that fees were incurred). That appears to be the rule in the Ninth Circuit as well. Perhaps the best rationale for this determination is that, in light of the "American rule," where each party generally bears its own costs in litigation, it is not fundamentally unfair to treat such a litigant's post-petition attorney's fees as a general

---

[38] *Kadevich*, 220 F.3d at 1021 n.4.

[39] *Id.* at 1021.

[40] *Total Minatome Corp. v. Jack/Wade Drilling, Inc. (In re Jack/Wade Drilling, Inc.)*, 258 F.3d 385, 388 (5th Cir. 2001), *cited with approval in Boeing N. American, Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018, 1026 (9th Cir. 2005); *see also Woburn Assoc. v. Hemingway Transport, Inc. (In re Hemingway Transport, Inc.)*, 954 F.2d 1, 5-7, (1st Cir. 1992), *cited with approval in Abercrombie*, 139 F.3d at 759.

unsecured claim.[41] It seems the incurring of attorney's fees, by itself, may not be the type of injury that would fall within the "fundamental fairness" doctrine.

Air USA has not suggested that the debtor's continued prosecution of the state court action is frivolous or meritless. Absent such a determination from the state court, I find that under controlling Ninth Circuit law, any award of Rule 82 attorney's fees or costs to Air USA will be a general unsecured claim in this bankruptcy proceeding. An order will be entered accordingly.

DATED: August 27, 2007

BY THE COURT

/s/ Donald MacDonald IV
DONALD MacDONALD IV
United States Bankruptcy Judge

Serve:  C. Christianson, Esq.
        G. Silvey, Esq.
        U. S. Trustee

08/27/07

---

[41] *See, e.g., Jack/Wade Drilling*, 258 F.3d at 390-91 n.4. (noting that the existence of bad faith can except a lawsuit from the "American rule" that each party is to bear its own costs in litigation).